**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00838-REB-MEH

JIMMY MARTINEZ, and
LISA MARTINEZ,

    Plaintiffs,

v.

LIBERTY INSURANCE CORPORATION,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiffs Jimmy Martinez and Lisa Martinez ("Plaintiffs") and Defendant Liberty Insurance Corporation ("Defendant"), by and through their undersigned counsel of record and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby enter into this Stipulated Protective Order with respect to documents disclosed by Defendant, as follows:

**I.**     **Confidential Information.**

    (a)     As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean proprietary information, documents, or things that either party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (c) below.

    (b)     A party may designate any proprietary documents produced in response to interrogatories or requests for production of documents as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of

the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

(c) Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not, in and of itself, be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulated Protective Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(d) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

  (i) the attorneys for the Recipient Party in this litigation and paralegals and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii) officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii) court reporters, court officials, and the jury involved in this litigation;

(iv) experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Stipulated Protective Order; and

(v) any other non-party witnesses or deponents who have executed a Confidentiality Agreement in (attached herewith as Exhibit A), conformity with this Stipulated Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

(vi) CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own confidential documents.

(vii) CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.  CONFIDENTIAL

3

INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe manner, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(e) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

(f) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(e) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Stipulated Protective Order, unless the Court rules otherwise.

**II.    No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of

any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**III.  Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a Confidentiality Agreement (attached herewith as Exhibit A) in conformity with this Stipulated Protective Order.  If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness. This section does not apply to any officer, director, shareholder, employee or agent of Defendant.

**IV.  Use in Briefs and as Exhibits**

Any request to restrict access must comply with D.C.Colo.L.Civ.R. 7.2.

**V.  Application of the Stipulated Protective Order.**

(a)   This Stipulated Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

(b)   Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with

respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

**VI.  Confidentiality Challenge.**

Any party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party seeking the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

**VII.   Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Stipulated Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege. The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

**VIII.   Modification.**

This Stipulated Protective Order may be modified only by Order of the Court.

**IX.   Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during the case, and all copies of such CONFIDENTIAL INFORMATION.

ORDERED this 8th day of February, 2016, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge


| LEVIN ROSENBERG PC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
|---|---|
| *s/ Kerri J. Atencio* | *s/ Lyndsay K. Arundel* |
| Bradley A. Levin | Brian J. Spano, Esq. |
| Kerri J. Atencio | Lyndsay K. Arundel, Esq. |
| Timothy M. Garvey | 1200 17th Street, Suite 3000 |
| 1512 Larimer Street, Suite 650 | Denver, CO 80202 |
| Denver, CO 80202 | E-mail: bspano@lrrc.com |
|  | larundel@lrrc.com |
| E-mail: bal@levinrosenberg.com |  |
| kja@levinrosenberg.com | *Attorneys for Defendant Liberty Insurance Corporation* |
| tmg@levinrosenberg.com |  |
| *Attorneys for Jimmy and Lisa Martinez* |  |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00838-REB-MEH

JIMMY MARTINEZ and LISA MARTINEZ,

Plaintiffs,

v.

LIBERTY INSURANCE CORPORATION,

Defendant.

---

**CONFIDENTIALITY AGREEMENT WITH STIPULATED PROTECTIVE ORDER**

---

      I, _____, have read the Stipulated Protective Order ("Protective Order") in the above-captioned claim. I understand the terms of the Protective Order, agree to comply with the Protective Order in all respects, and hereby submit and waive any objection to the jurisdiction of the United States District Court for the District of Colorado for the adjudication of any dispute concerning or related to my compliance with the Protective order. I understand that any violation of the terms of the Protective Order may be punishable by money damages, final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

                                      Print or type the following:

                                      Name:_____

                                      Title and Affiliation_____

                                      Address:_____

                                                      _____

                                      Telephone:_____

Executed this \_\_\_ day of _____, 20\_\_\_.